PER CURIAM:
Claimant brought this action for vehicle damage which occurred when a tree limb fell onto his 1996 Jeep Grand Cherokee as Claimant’s son, Tonio John Caldwell, was driving on State Route 817 in Putnam County. State Route 817 is a public road maintained by Respondent. The Court is of the opinion to deny the claim for the reasons more fully stated below.
The incident giving rise to this claim occurred at approximately 5:30 p.m. on *130 My 11, 2009. State Route 817 is a paved, two-lane road with one lane for travel in each direction. The speed limit is fifty-five miles per hour. At the time of the incident, Tonio Caldwell and his father were on State Route 817 approximately two and a half miles north of the State Route 3 4 intersection. T onio Caldwell testified that he was driving between thirty-five and forty miles per hour in the rain and under windy conditions when a tree limb struck the vehicle’s bumper and hood before it was knocked underneath the vehicle. It is uncertain from which tree on a hillside the tree limb fell. After the tree limb struck the Claimant’s vehicle, it dented the guardrail on the side of the road. As a result of this incident, Claimant’s vehicle sustained damage to its front bumper, hood, grill, and air conditioning system, totaling $3,497.74. Claimant’s insurance declaration sheet indicates that he had liability insurance only.
The position of the Respondent is that it did not have actual or constructive notice of the tree limb on State Route 817 that caused damage to Claimant’s vehicle. James E. Smithers, Transportation Crew Supervisor for Respondent in Putnam County, testified that he is familiar with the area where this incident occurred. He testified that prior to July 11,2009, Respondent did not receive any calls regarding an issue with a tree at or near this location. He stated that the Volunteer Fire Department responded to the scene.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645,46 S.E.2d 81 (1947). In. May v. Division of Highways, CC-05-0056 (2008), this Court held that it would not place a burden on Respondent with respect to trees surrounding its highways unless the tree poses an obvious hazard to the traveling public.
In the instant case, the Court is of the opinion that Respondent had no notice that the tree limb at issue posed an apparent risk to the traveling public. Furthermore, the Claimant failed to establish that the tree limb fell from a tree growing on Respondent’s right-of-way. Consequently, there is insufficient evidence of negligence on the part of Respondent upon which to base an award.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.